IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00098-MR

| | | |
|---|---|---|
| **SHELBY REID LENTZ,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FNU HONEYCUTT, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is presently incarcerated. The Plaintiff names as Defendants: FNU Honeycutt, the warden of Alexander CI; FNU Dye, the assistant warden of Alexander CI; and Todd Ishee, the North Carolina Department of Public Safety (NCDPS) secretary. He asserts violations of the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.* [Doc. 1 at 3]. He seeks injunctive relief, damages, and a jury trial. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff claims that he is a Sunni Muslim member of the Salafee Reform movement for whom "congregational prayer is an obligation"; that Defendants Honeycutt and Dye refuse to permit Muslim Religious Services because of a modified lockdown, yet they are allowing outside yard and education classes; that the Plaintiff is not being allowed "to fulfill [his] obligation to establish the Friday Jumu'ah Prayer or weekly Ta'alim study group"; and that Defendant Ishee "allows Defendants Honeycutt and Dye to continue violations of [his] religious rights" [Doc. 1 at 3].

To sustain a free exercise claim under the First Amendment, a plaintiff must show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349

3

(1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).  Claims brought under the First Amendment are subject to a less demanding standard of proof than claims brought under RLUIPA, with RLUIPA claims requiring "strict scrutiny instead of reasonableness."  See Lovelace, 472 F.3d at 199 n.8.

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court concludes that the Plaintiff has stated claims under the First Amendment and RLUIPA that are sufficient to pass initial review.

## IV. CONCLUSION

In sum, the Plaintiff's First Amendment and RLUIPA claims have passed initial review against the Defendants.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Honeycutt, Dye, and Ishee, who are alleged to be current or former employees of NCDPS.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendants Honeycutt, Dye, and Ishee for violations of the First Amendment and RLUIPA.

2. The Clerk shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Honeycutt, Dye, and Ishee, who are alleged to be current or former employees of NCDPS.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: September 28, 2022

Martin Reidinger
Chief United States District Judge