IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00098-MR

| | |
|---|---|
| SHELBY REID LENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU HONEYCUTT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Public Safety's (NCDPS) sealed Notice [Doc. 15] regarding the Court's Request for Waivers of Service [see Doc. 10].

The pro se Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Complaint passed initial review against Defendants Ronnie Huneycutt,[1] Eric T. Dye,[2] and Todd Ishee. [Docs. 1, 9]. Service waivers have been filed for Defendants Huneycutt and Ishee. [Doc. 14]. NCDPS was unable to waive service for Defendant Dye, who is longer employed at

---

[1] "Honeycutt, Assistant" in the Complaint.

[2] "Warden Dye" in the Complaint.

NCDPS. [Doc. 14]. NCDPS has provided Defendant Dye's last known address under seal. [Doc. 15].

The Clerk will be directed to notify the U.S. Marshal that Defendant Dye needs to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Dye cannot be served at the addresses provided by NCDPS, the U.S. Marshal shall be responsible for locating his home addresses so he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915....").

If the U.S. Marshal is unable to obtain service on Defendant Dye, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose Defendant's home addresses to the pro se Plaintiff, and shall file any document containing such addresses under seal.

2

The Clerk of Court will be instructed to update the Court file with the Defendants' correct names as reflected in this Order.

**IT IS, THEREFORE, ORDERED that** the U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Eric T. Dye. If the U.S. Marshal is unable to obtain service on this Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice [Doc. 15], and this Order to the U.S. Marshal, and to substitute Defendants' names as follows in the Court's records: Ronnie Huneycutt for "FNU Honeycutt" and Eric T. Dye for "FNU Dye."

**IT IS SO ORDERED.**

Signed: December 9, 2022

Martin Reidinger
Chief United States District Judge