IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00098-MR

| | |
|---|---|
| SHELBY REID LENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONNIE HUNEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendants Huneycutt, Dye, and Ishee's Motion for Extension of Time to Answer or Respond to Plaintiff's Complaint [Doc. 19] and on Defendant Dye's Motion to Have Motion for Enlargement of Time to Answer Deemed Timely [Doc. 20].

The pro se incarcerated Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Complaint passed initial review against Defendants Ronnie Huneycutt, Eric T. Dye, and Todd Ishee. [See Docs. 1, 9]. On November 28, 2022, service waivers were filed for Defendants Huneycutt and Ishee, making their answer due on January 27, 2023. On January 9, 2023, an executed summons return for Defendant Dye was

docketed which indicates he was served on December 16, 2022, making Defendant Dye's answer due on January 6, 2023. [Doc. 18].

All of the Defendants now seek an extension of time until April 7, 2022 to answer or otherwise respond to the Complaint so that counsel may investigate the claims and factual allegations, and determine whether the State will be providing the Defendants with a defense pursuant to the Defense of State Employees Act. [Doc. 19]. Defendant Dye additionally asks the Court to deem the Motion seeking an extension as timely filed as to him. [Doc. 20]. Counsel notes that the deadline as to Defendant Dye was missed due to a communication oversight, that counsel was unaware of Defendant Dye's executed summons until he checked the docket prior to filing his Motion for an extension of time, and that an extension of time will allow counsel to file a single answer or response to the Complaint. [Id.].

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control

of the movant, and whether the movant acted in good faith." <u>Pioneer Inv. Serv. Co. v. Brunswick Assoc.</u>, 507 U.S. 380, 395 (1993).

Defendant Dye's Motion for Enlargement of time is deemed timely due to excusable neglect, and all of the Defendants will be granted an extension of time to answer or otherwise respond to the Complaint for good cause shown.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Huneycutt, Dye, and Ishee's Motion for Extension of Time to Answer or Respond to Plaintiff's Complaint [Doc. 19] is **GRANTED** until February 27, 2023.

2. Defendant Dye's Motion to Have Motion for Enlargement of Time to Answer Deemed Timely [Doc. 20] is **GRANTED**.

**IT IS SO ORDERED**.

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge